IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOSHUA MOSES GILMORE                                                              PLAINTIFF

VS.                                                        CIVIL ACTION NO. 3:14cv413-CWR-FKB

HINDS COUNTY                                                                      DEFENDANT

## REPORT AND RECOMMENDATION

This matter is before the Court on the Motion for Judgment on the Pleadings for Failure to Exhaust Administrative Remedies [21] filed by Defendant Hinds County pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  Plaintiff Gilmore has filed a Response [22] in opposition to the Motion for Judgment on the Pleadings.  Plaintiff is proceeding in this matter *in forma pauperis* and *pro se*.

Gilmore alleges that Defendant Hinds County violated his constitutional rights during his confinement at the Hinds County Detention Center ("HCDC").  In his complaint, Gilmore alleges a myriad of claims regarding the conditions of confinement at HCDC, including claims for denial of medical attention. [1].

In its Motion for Judgment on the Pleadings, Hinds County asserts that Gilmore has failed to exhaust his administrative remedies regarding these claims prior to filing this action.  However, at this juncture in the case, Hinds County has not presented evidentiary support for this position.  Gilmore has filed a written Response to this Motion in which he argues that he filed grievances with the internal grievance process, but he was denied continued access to the system. [22] at 2.[1]  In addition, during the omnibus hearing, the Court received his sworn

---

[1] Alternatively, he asserts in his Response that the exhaustion requirement of 42 U.S.C. § 1997e no longer applies to him because he was not incarcerated when he filed his Response. However, as of March 24, 2015, Plaintiff was again incarcerated at the Hinds County Detention

testimony regarding his efforts to exhaust.  *See* Transcript [28] at 10-11.  Because the Court has considered matters outside of the pleadings, such as Gilmore's sworn testimony, the Rule 12(c) Motion "must be treated as one for summary judgment under Rule 56.  All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."  Fed. R. Civ. P. 12(d).

Accordingly, the undersigned recommends that the Motion for Judgment on the Pleadings be denied without prejudice.  Defendant will be allowed to re-urge dismissal based upon failure to exhaust or other bases with proper evidentiary support pursuant to Rule 56 of the Federal Rules of Civil Procedure.  "Since exhaustion is an affirmative defense, the burden is on [the movant] to demonstrate that [a prisoner plaintiff] failed to exhaust available administrative remedies."  *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010).  By separate order, the Court will set a dispositive motion filing deadline.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 15th day of July, 2015.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE

---

Center.  *See* [26].